UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Steven E. Denkenberger Jr                    42279

_____              _____

_____              _____

_____              _____

*(Enter above the full name of the plaintiff*      *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**                        CIVIL ACTION NO. 2:11-0466
                                  *(Number to be assigned by Court)*

Warden; David Ballard.

_____

_____

_____

FILED
JUL -5 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

I.  **Previous Lawsuits**

  A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

      Yes ✓       No _____

1

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

   Plaintiffs: Steven E. Denkenberger Jr

   Defendants: Maryland Correctional Training Center & Maryland State Parole Board.

2. Court (if federal court, name the district; if state court, name the county);

   U.S. District Court for the District of MARYLAND

3. Docket Number: WDQ-10-1726

4. Name of judge to whom case was assigned:

   William D. Quarles Jr

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

   Still pending

6. Approximate date of filing lawsuit: June 17th, 2010

7. Approximate date of disposition: Still pending.

2

II. **Place of Present Confinement:** Mount olive Correctional Complex

   A. Is there a prisoner grievance procedure in this institution?

   Yes ✓    No ____

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   Yes ✓    No ____

   C. If you answer is YES:

   1. What steps did you take? Filed Grievance process & Appeal process

   2. What was the result? Grievance & Appeals were Denied.

   D. If your answer is NO, explain why not: N/A

III. **Parties**

   (In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A. Name of Plaintiff: Steven E. Denkenberger Jr #42279

   Address: 1 mountainside way, Mt. olive WV 25185

   B. Additional Plaintiff(s) and Address(es): N/A

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: David Ballard

is employed as: WARDEN

at Mt. Olive Correctional Complex

D. Additional defendants: N/A

IV. **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE ATTACHMENT A

4

IV. **Statement of Claim (continued):**

_____
_____
_____
_____
_____
_____
_____
_____

V. **Relief**

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

See ATTACHMENT B
_____
_____
_____
_____
_____
_____
_____

V.    Relief (continued)):

_____
_____
_____
_____
_____

VII.    Counsel

    A.    If someone other than a lawyer is assisting you in preparing this case, state the person's name:

       N/A

    B.    Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

       Yes _____     No ✓

       If so, state the name(s) and address(es) of each lawyer contacted:

       I do not have proper funds to hire a private lawyer.

       If not, state your reasons: I do not have the funds to hire a private lawyer.

    C.    Have you previously had a lawyer representing you in a civil action in this court?

       Yes _____     No ✓

6

If so, state the lawyer's name and address:

_____N/A_____

_____

Signed this __29__ day of __June_____, 20_11_.

_____
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 29th, 2011_____.
                (Date)

_____
Signature of Movant/Plaintiff

__N/A_____
Signature of Attorney
(if any)

State of WV
County of Fayette
The foregoing instrument was acknowledged before me this 29th day of June 2011. My commission expires 15 March 2020.

Lisa R. Frye
Notary

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Lisa R. Frye
1 Mountainside Way
Mt. Olive, WV 25185
My Commission Expires March 15, 2020

7

STATEMENT OF CLAIM                    ATTACHMENT A

On March 14th, 2011, I was placed in the Segregation unit on detention; pending a hearing for two Class-One rule violation. I was wrote up for two Counts of 1.27 - Hate/Gang Activity for the following reason: MR. Mullins and MS. Crist were at the officers desk/control desk while the C.O was Conducting Cell Shake downs of random inmates Cells. I was walking past the officers desk when I heard Ms. Crist Say to MR. Mullins "See, thats what Im talking about, his shirt right there". MR. Mullins then quickly turned to me and Said "You need to button up that Shirt". I responded that, "its not against the rules", & unit Manager MR. Kincaid Comfirmed that it wasn't against the rules four days prior. MR. Mullins then Said "it Could be viewed as Gang Activity". I then said "You know Im in a 'gang', everything I do Cant be viewed as Gang Activity". I then whent into MR. Kincaid's office to have him handle the issue about my Shirt. Once in MR. Kincaid's office, MR. Kincaid made it clear that he told me four days prior, that it was not against the rules to wear my Shirt in that maner. MR. Mullins got up-set and started saying "It Could be viewed as Gang Activity", over and over again. I Said; "Look, Im in a 'gang', get over it". I then left the office and entered the Pod, where MS Crist was still sitting running the Control desk. As I walked in, I looked at her and said; "Look, everyone knows Im a 'gang' member you need to get over it". She did not respond. I then walked on the other side of the desk and Buttoned the top two buttons on my Shirt and asked her; "Here, is this still gang Activity?" Reffering to now having two top buttons buttoned, not just the very top button alone. She got very up set and said "You need to get the fuck out of my face". I Said, "I dont need to do Shit". I then said "Everything I do you people try to say is gang related". She responded, "well you are in prison". I asked her, "what the fuck is that suppose to mean?" She then told me I needed to leave her area a few times, Now Sence the officer was done Conducting his Shake downs he was there and asked me to "walk away". I did so. about an hour later, yard officers Came to my Cell and took me to the Segregation unit. On March 29th, 2011, I was found Guilty of MS. Crists 1.27 - Hate/Gang Activity Charge and sentenced to 60 days punitive Segregation & 60 days loss of priviledges. I was also found Guilty of MR. Mullins write-up; but it was reduced from a Class 1 (1.27) to a Class 2 (2.01) refusing an order, and sentenced to 30 days punitive Segregation 30 days loss of privileges, which was suspended to Probation that will start once the 60 days punitive and L.o.P that was given for ms. Crists write-ups were finished. The reasoning I was given by the hearing officer on why I was found Guilty for Gang activity was because

1 of 3

I'v never been found guilty of it before; and because of that; it was not in the Computer Saying I'm a known gang member. Once I appealed the guilty findings to the warden, he had given me a different reason why I was found guilty, Saying because I proclaimed I was a gang member in earshot of other inmates; and that alone was gang Activity. I then appealed to the Comissioner of Corrections, but my appeal was rubber Stamped Affirmed to the wardens decition. In both of my appeals and my hearing, my defence was that the Rules failed to give fair notice and warning that my Conduct was prohibited, and that the rule in question was open for interpertation by staff because the languge within the policy where it States, "<u>ANY</u> Gang Activity..." is open for Staffs personal interpertation, and is in violation of my due process rights.

Because of my guilty finding and my sentence from the guilty finding of 60 days in punitive segregation, I was forced to see the Administrative Segregation Committee. At this hearing I was placed on Administrative Segregation/Quility of life program (Q.o.L). The reason I was given on why I was being placed in the Q.o.L program was because the nature of my write-ups that placed me on Segregation, my need to live in a more Secure environment, and Confidential Information presented by intelligence officer Gary Hinte. I was neve told of the Confidential information. I know I'm not allowed to know who gave the information, but I am allowed to know what the information being used against me is, so I may mount a defence against it. I was not allowed to do that. For all I know, there may not even be any information.

I Claim, that my due process rights were violated when I was wrote up, found guilty, Sentenced and placed on Administrative Segregation for a Rule violation that is vague, and failed to give fair warning of what is prohibited. The prison Staff have unfettered discrition when enforcing these Rules. Their allowed to incert their own personal belifes and stigmas upon the inmate population, and rule book. An now im on the Q.o.L program where I'm given extreme restrictions on my dayly life within this prison. Im forced to have extreme restrictions on; Recreation, Education, programing requirements for parole, Store Call items, Lock-down time, Showers, Phone usage, other electronic devices that General population enjoies, freedom from being placed in hand Cuffs and Shackels as a form of the insentive/Priviledge/Punishment program of Q.o.L, Clothing limits, job oppertunities, I'm being denied due process for not being given meaningful and periodic reviews, my mail is being Photo Copied and Read and I'm not made awhere of these pratices nor are the friends and family members who are writing, Not given proper acess to the law library, not allow

the equiptment for daily cleaning of my cell, not allowed the same amount of food, my food is fourteenty cold, milks within a crate are slid across a nasty, dirty, dusty, hair filled water spoted floor then given to us to drink out of, there is no set regulations on what conduct is prohibited while on the Q.O.L program.... While main rules from policy directive 325.00 do apply to us. There are unwritten rules that we are punished for with out due process or even being told what we did wrong. Its completly up to the staff and there personal belifes along with their unfettered discrition when enforcing any rule violation. Im also being denied and excluded from organized prison activities such as Basketball and SoftBall leagues and open house activities.

Warden David Ballard was made awhere of all these issues and failed to correct them. He allowes his staff free range on interpertating the Policy directive and rarely over rules his staffs judgement because of his history as a Correctional officer with them in the past. Warden Ballard, has not and refuses to fix the policy directive or put restrictions upon his staff members when enforcing these extremely vague rules. Warden Ballard is awhere of these problems and he has yet to act on them, Still allowing his staff to have unfettered discrition on the policy directive 325.00, Showing extreme dilliberent indefference and is in violation of my due process rights protected by the Fourteenth amendment of the united states Constitution.

This incident also resulted in me being denied to see the parole board, because I was in Segregation for the vague write-ups in question, and state law prohibites inmates from seeing the parole board while in Segregation or if you were found guilty of a rule violation iN the 90 days prior to your parole hearing. I was found guilty of a vague rule violation & because of that, I was denied my right to see the parole board.

The notice I was given for my ad-seg hearing failed to give me adequate notice as to what was going to be used against me at that hearing. I was not allowed to mount a meaningful defence at my hearing, In violation of my due process rights.

## - RELIEF - ATTACHMENT B

1. Force the prison to over rule my guilty findings on the 1.27-Hate/Gang Activity, because the rule in question is extremely vague and dose not give edequate notice of what is prohibited.

2. Force the prison to over rule my guilty finding on the 2.01-Refusing an order; because I had been told prior to the incident that it was not against the rules to wear my shirt in that maner, and MR. Kincaid testified to that at my hearing.

3. Force the prison to seperate the two-in-one rule violation of a 1.27- Hate/Gang Activity. An Hate Charg should be its own rule violation, and Gang Activity should have its own rule violation.

4. $31.00 a month for the pay I should have recieved for my job, but didnt because of my guilty findings on the vague Rules.

5. $100.00 a day for every day that I was forced to spend in Segregation on the vague rule violations that violated my due process rights protected by the 14th Amendment.

6. Place an injunction on the Administration's ruling that places me on Ad-Seg because of the vague rule violation in question.

7. Review the Confidentional information that was used against me at my Ad-Seg hearing, and rule on its Cridetibility, mere existence, and the likely hood that it creates a Security risk that constitutes my placement in the Q.O.C program.

8. Force the warden to implement rules that stop staff members from writing inmates up for their personal belifes, and put limits on their discrition when enforcing Policy directive 325.00

9. Court Costs and filing Fee's.

10. Any other form of relief the Court deems fit and fair.